## No. 5101.

### STATE OF LOUISIANA *v.* SUCCESSION OF MASTERS et als.

In this suit against the succession of a defaulting tax collector and his sureties, a bill of exceptions is taken by defendants to the admission of a certified extract from the books of the State Auditor, showing the indebtedness of the deceased tax collector to the State, on the ground that it was not the best evidence, but a copy and the absence of the original was not accounted for, and such original could not furnish proof of the statements contained in the copy.

The instrument objected to is a certified transcript of the tax collector's account in the Auditor's books and not a certificate merely of facts.

It was the duty of the Auditor, a sworn officer of the State, to keep an account with the said tax collector and charge the latter with items of defalcation, and he is authorized by law to give certificates of the contents of such books and of the records of his office under his official seal.

APPEAL from the Tenth Judicial District Court, parish of Carroll. *Hough* J. *Hiram R. Steel*, District Attorney, and *J. W. Montgomery*, for plaintiff and appellee. *J. E. Leonard*, for defendants and appellants.

HOWELL J. This is a suit against the succession of a defaulting tax collector and his sureties, and the principal question is presented in a bill of exceptions taken by defendant to the admission of a certified extract from the books of the State Auditor, showing the indebtedness of the deceased tax collector to the State, objected to on the ground that it was not the best evidence, but a copy and the absence of the original was not accounted for, and such original would not furnish proof of the statements contained in the copy.

The instrument objected to is a certified transcript of the tax collector's account in the Auditor's books, and not a certificate merely of facts.

It was the duty of the Auditor, a sworn officer of the State, to keep an account with the said tax collector and charge the latter with items of defalcation, and he is authorized by law to give certificates of the contents of such books and of the records of his office, under his official seal. R. S. sections, 174, 182, 191, 253, 255.

In the case of Hughey v. Barrow, 4 An. 252, the Court said. If the Auditor was bound to record the fact, the proper evidence is a copy of the record duly authenticated and referred to, 1. Greenleaf, section 498. And in State v. McDonnell, 12 An. 741, which was a suit on the bond of a tax collector, as is this, it was held that the account of the Auditor when introduced, makes evidence against the collector and his sureties. The question of the admissibility of such account, duly authenticated, was not before the court, and what was said in reference to its being received without objection, was to show the impropriety of raising the question on appeal as to its sufficiency. We do not understand the language used to imply that the account, if duly authenticated, would have been excluded if it had been duly objected to.

It is unnecessary to pass on plaintiff's bill of exceptions. We see no force in any of the other points suggested in defendant's brief. The only party who appealed, is the representative of Master's succession.

Judgment affirmed.